**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BOAZ BAR-NAVON,**

               **Plaintiff,**

**-vs-**                                              **Case No. 6:10-cv-1263-Orl-31KRS**

**MERCEDES HOMES, INC.,**
**HOWARD BUESCHER and**
**KEITH BUESCHER**
               **Defendants.**

## ORDER

This matter comes before the Court on the Memorandum to Show Cause (Doc. 28) filed by the Plaintiff, Boaz Bar-Navon ("Bar-Navon"), the assignee of a claim under an agreement that settled numerous FLSA claims brought against the Defendants, Mercedes Homes, Inc. ("Mercedes Homes"), Howard Buescher and Keith Buescher. The Court has also considered the responses (Doc. 26, 27) filed by the Defendants and Bar-Navon, respectively, to this Court's order to show cause (Doc. 23). In the order to show cause, the Court noted that subject matter jurisdiction appears to be lacking, in that no federal claim has been asserted here, and the parties are all residents of Florida. (Doc. 23 at 1).

The Defendants contend that this Court lacks subject matter jurisdiction over this dispute. Bar-Navon argues that the Court possesses subject matter jurisdiction for several reasons: that in approving the underlying settlement agreement, the Court actually retained jurisdiction to resole disputes or that this is really an FLSA case or a bankruptcy case. However, although the settlement agreement contemplated the Court retaining jurisdiction to enforce the agreement, the

Court's order specifically retained jurisdiction only for the more limited purpose of determining fees and costs. And though the settlement agreement grew out of FLSA claims, and the obligations under that settlement agreement were modified or eliminated by the Bankruptcy Court, Bar-Navon is not asserting a claim under federal labor law or the Bankruptcy Code.[1] His claim for breach of contract arises under state law, not federal law.

Finally, Bar-Navon seeks permission to amend his complaint to state a federal claim. However, he offers no explanation as to what such a claim might comprise. Accordingly, Bar-Navon's complaint will be dismissed without prejudice to his right to refile it in an appropriate forum.

In consideration of the foregoing, it is hereby

**ORDERED** that the Order to Show Cause (Doc. 23) is **DISCHARGED.** And it is further

**ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**, and all pending motions are denied as moot. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 22, 2010.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] Indeed, as the Mercedes Homes bankruptcy was filed in the Southern District of Florida, this would not be the proper district in which to address issues arising from those proceedings.